## ALVIN O. HOVE v. LENORE J. HOVE.[1]

December 15, 1944.

No. 33,915.

[1]Reported in 16 N. W. (2d) 776.

*Samuel A. Warren,* for appellant.
*Arthur C. Wangaard,* for respondent.

MAGNEY, JUSTICE.

On June 10, 1944, plaintiff was granted an absolute divorce from defendant, with the care, custody, and control of their two minor children awarded to defendant. The court also awarded defendant the homestead, the household furniture, alimony and support money of $25 per week for one year, and, after the expiration of the year, $20 per week until further order of the court, together with attorney's fees. Plaintiff appeals from the judgment.

After this appeal had been taken, the trial court modified its conclusions of law as to the disposition of the homestead and the furniture and thus eliminated one question sought to be reviewed. Plaintiff now assigns as error the award, as alimony and support money, of the sum of $25 per week for one year, five dollars of which is to be applied upon the temporary alimony remaining unpaid and in part payment of the hospital and medical bills referred to in the findings, and $20 per week thereafter until the further order of the court, ten dollars to be applied to the support and maintenance of the minor children, and the remaining portion to go to the support and maintenance of defendant. He claims that the alimony awarded exceeds the amount the court could properly allow within the limits of the statutes. Those here involved are Minn. St. 1941, §§ 518.22 and 518.17 (Mason St. 1927, §§ 8602 and 8596). Section 518.22, so far as here applicable, reads:

"* * * but the aggregate award and allowance made to the wife from the estate of the husband under this section shall not in any case exceed in present value one-third of the personal estate, earnings, and income of the husband, and one-third in value of his real estate."

Section 518.17, so far as here applicable, reads:

"Upon adjudging the nullity of a marriage, or a divorce or separation, the court may make such further order as it deems just and proper concerning the care, custody, and maintenance of the minor children of the parties * * *."

The court found that plaintiff earns $40 per week. His contention is that the amount he has been ordered to pay exceeds the limit set by the statute. The statute plainly states that the award and allowance made to the wife as alimony shall not exceed one-third of the earnings and income of the husband. But the statute also provides that the court may make such an order as it deems just and proper concerning the maintenance of the minor children of the parties. The award and allowance made to the wife as alimony out of the husband's earnings is entirely separate and apart from that made for the support of their minor children. In addition to the obligation which the court may place upon a husband to support his wife, he has the additional obligation to support and maintain his minor children, whether they be in the custody of the mother or not. The liability of a husband to his divorced wife in respect to the support of such minor children is the same as to any third person. An allowance which he may be required to pay for the maintenance of the children is distinct from an allowance of alimony. 17 Am. Jur., Divorce and Separation, § 695. He can therefore be required to pay more than one-third of his income as alimony and as maintenance for his children. The amount which plaintiff here is required to pay for alimony and maintenance of the children does not exceed the limit fixed by statute, since the award includes maintenance of the minor children.

Judgment affirmed.