## HERMAN W. TOEBE v. SYLVIA M. TOEBE.[1]

January 16, 1948.

No. 34,466.

*Ernest F. Jacobson,* for appellant.

*Thomas Tallakson* and *Karl F. Diessner,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order modifying the provision for support of children in a final judgment and decree in a divorce action. Plaintiff, the husband, was by the final decree required to pay $40 a month for the support of his three children, the custody of whom was awarded to defendant. In the order appealed from the court increased this to $75 a month. At the time of trial, the children were aged 11, 9, and 7 years. All are girls.

Plaintiff's only assignment of error questions the sufficiency of the evidence to support the order of the trial court. The suggestion that there be a change in custody was not presented to the court below and is not before us.

The parties were divorced in April 1945. They stipulated that the husband should withdraw his complaint and that the wife should proceed on her cross bill. It was agreed that $40 a month should be paid to the wife as support money for the three children. The wife made no claim for alimony.

---

[1] Reported in 30 N. W. (2d) 585.

In the court below, the husband contended that the circumstances of the parties had not changed sufficiently to warrant a modification of the support decree. At the time the divorce was granted the husband was unemployed and en route to Minneapolis from Alaska, where he had been employed as a carpenter at wartime rates. He had saved $2,200 from his pay in Alaska, which he banked in Minneapolis. He spent $200 of this on clothing and invested the remaining $2,000, together with an additional $2,000 which he had borrowed, in the purchase of a grocery store for $12,000. He had two partners in the store, each of whom also advanced $4,000 toward the purchase of the store. One of these partners was his present wife. They operated the store for approximately nine months and sold it for $15,000. According to plaintiff, he lost $1,400 from the whole transaction, and at the time of the distribution of the proceeds of the sale he received only $600 as his share. During the time they operated the store he married his present wife. After that, he and his wife continued their partnership in a grocery business. He invested $600 and his wife $7,100 in the store which they are now operating. It is their claim that their net income in this store is $170 a month, and, by their testimony, his living expenses are $166.50 a month, including the $40 a month which he has been paying for the support of his children.

There was a conflict in the evidence as to the amount of income from both stores. The hearing was continued from time to time. At the first hearing, the plaintiff offered to bring his books and records before the court. At the subsequent hearing he failed to do so. Furthermore, he did not come forward with the figures from which his income tax returns had been prepared. Finally, he asserted that he had destroyed his books for the year 1946.

Since the decree, defendant has incurred medical and other necessary expenses for the children. The living conditions which she has encountered since the divorce have obviously been very difficult. She lives in two rooms with four children, one being the child of a previous marriage. The children are older than when the decree was entered, and their needs for support and education are now

greater. The cost of living has very materially increased. Purchasing power of the dollar has materially decreased.

Plaintiff does not seem to have acted in entire good faith in disclosing his financial position or in exercising his earning power. The trial court might reasonably conclude that he had an earning ability which would enable him to pay the $75 a month. While it is true that his divorced wife is gainfully employed, it is plaintiff's primary obligation to support his own children. Warner v. Warner, 219 Minn. 59, 70, 17 N. W. (2d) 58, 64; Hove v. Hove, 218 Minn. 612, 16 N. W. (2d) 776. On the record before us, the order of the lower court is sustained by the evidence. Defendant is allowed $250 attorneys' fees in this court in addition to her costs and disbursements.

Order affirmed.