Sharon A. HEATON, Appellant,

v.

Ralph R. HEATON, Respondent.

No. CX–81–1215.

Supreme Court of Minnesota.

Feb. 11, 1983.

Ruttenberg, Orren, Griswold, Bernet & Guy and Kenneth P. Griswold, St. Paul, for appellant.

Larson & Schultheiss and Craig D. Larson, Champlin, for respondent.

SIMONETT, Justice.

The custodial parent's request for an increase in child support money was denied by the trial court on the ground that a sufficient change in circumstances had not been shown. We reverse and remand for further proceedings.

Appellant Sharon A. Heaton was divorced from respondent Ralph R. Heaton in 1970 after 8 years of marriage. The divorce decree, entered pursuant to a stipulation between the parties, granted custody of the two minor children, then 1 and 7 years of age, to Mrs. Heaton and required Mr. Heaton to pay $15 a week for each child as child support and also to be responsible for hospitalization insurance premiums and all dental care for the children. At the time of the divorce, Mr. Heaton earned a weekly net income of $110 and Mrs. Heaton a weekly net income of $70.

In 1981, 11 years later, Mrs. Heaton moved for an increase in child support, and the motion was heard on affidavits submitted by both parties. The trial court denied the motion, concluding that Mrs. Heaton had "failed to prove a substantial change in her circumstances sufficient to justify an increase in the child support obligation of the defendant." The court also found that Sharon Heaton (now Sharon Reedquist) was earning $470 net every 2 weeks and also received $700 a month as temporary maintenance from her second husband, and that Ralph Heaton was earning approximately $1,100 net a month. The court did not further elaborate on the reasons for its decision, and no record was made of the proceedings, but Mrs. Heaton's counsel has submitted an affidavit, not disputed, that the trial court, at the hearing, stated that over the 11-year period "the income of the parties, by his calculations had increased 3.5 times on the part of Plaintiff and 3.2 times on the part of Respondent." In other words, since the incomes of the parties had increased by approximately the same percentages over the years since the divorce, there was no substantial change in circumstances.

On appeal, Mrs. Heaton argues that $15 a week per child is wholly unrealistic and inadequate because of the severe effect of inflation on the purchasing power of money. She contends that she has shown clearly "that a material circumstance, the purchase value of the original award, had changed." She further argues that the trial court did not consider increased expenses of the parties, nor the needs of the minor children.

Broadly stated, then, the issue here is what are the appropriate "circumstances" to consider in applying the "change of circumstances" test to a request for modification of a support award.

The power of the trial court to modify a child support award is subject to Minn.Stat. § 518.64, subd. 2 (1982), which provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of substantially increased or decreased earnings of a party or substantially increased or decreased need of a party, which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of the custodial parent's spouse, if any.

In other words, the moving party must show that the support terms are unreasonable and unfair because either (a) the earnings of a parent have substantially increased or decreased, *or* (b) the need of a party has substantially increased or decreased; *and* the court shall further consider the needs of the children and the financial circumstances of the custodial parent's spouse, if there is one.

Here, in the 11 years since the divorce decree was entered, the earnings of both parents have substantially increased and the increase has been about the same for each. In addition, the appellant is receiving $700 a month in temporary spousal maintenance from her second husband. But also the children are 11 years older, while the support money per child remains as fixed 11 years ago. The record we have before us, such as it is, indicates that the trial court considered the financial circumstances of the two parents only in relation to each other and did not consider the needs of the children in determining that there was no substantial change in circumstances making the decree's award unreasonable and unfair. If so, the result may be that an unfair portion of the support obligation has shifted to the custodial parent. There is some evidence that indicates the custodial parent needs additional assistance and that the noncustodial parent is capable of contributing to that assistance.

In any event, it appears that not all relevant circumstances were considered on appellant's motion for increased support money, and we therefore reverse the trial court's order and remand for further proceedings in accordance with the view here expressed.

Having said this, we do not agree with appellant's argument that inflation, in and by itself, is a change in circumstances. Inflation, of course, influences income and expenditures, but it is ordinarily an undiscriminating influence. "Inflation operates equally upon the husband, the wife, and the child." *Soukup v. Soukup,* 208 Neb. 672, 675, 305 N.W.2d 372, 375 (1981). Inflation (or its opposite, deflation) is already reflected in each person's income and expenses, and to consider it again as a separate factor gives it undue emphasis and distorts the actual circumstances of the parties.

We have, it is true, recognized inflation and the cost of living in some of our prior cases on support modification. *See, e.g., Lammi v. Lammi,* 244 Minn. 568, 579, 70 N.W.2d 456, 463 (1955) ("changed circumstances of the parties and the lessened purchasing power of money indicate that an increase is merited * * *"); *Toebe v. Toebe,* 225 Minn. 323, 325, 30 N.W.2d 585, 586 (1949) (mentions that the cost of living has materially increased). But, as we stated in *Kaiser v. Kaiser,* 290 Minn. 173, 182, 186 N.W.2d 678, 684 (1971), "in each case the reference to increased cost of living was in contextual response to other changed circumstances of the parties." We went on to say that, "[i]ncreased cost of living, of course, will in all events be reflected in the family's actual expenditures, by which the adequacy or inadequacy of the existing award may be sufficiently measured." *Id.*

It is suggested that inflation alone would not be a sufficient ground to require amendment of a support award but that it should still be a factor to be considered. We think, however, that even with this restriction inflation would be given a prominence it should not have. It is one thing to use inflation to explain why a party's actual budget items have changed, but quite another to make inflation, in a sense, a separate budget item by itself. If inflation is a separate factor, it may tend to become, in some instances, the dominant factor. And the danger alluded to in *Kaiser* then becomes likely: "As a practical matter, however, to permit modification of awards on that basis alone would impose an enormous burden upon the courts, for it could in effect require annual adjustments in every judgment and decree." *Kaiser,* 290 Minn. at 181 n. 5, 186 N.W.2d at 684 n. 5.

We adhere to *Kaiser* and conclude that inflation, since it is already reflected in actual budget items, is not to be considered as a separate factor or circumstance in applying the "change in circumstances" test to support modification cases.

Reversed and remanded for further proceedings.