In re the Matter of Nanci E. SANTORO,
f.k.a. Nanci E. Ramsey,
Petitioner, Appellant.

v.

William D. RAMSEY, Respondent.

No. C3-84-2155.

Court of Appeals of Minnesota.

April 30, 1985.

James D. Kempf, Bloomington, for appellant.

Errol K. Kantor, Leslie A. Gelhar, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and LESLIE, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Nanci E. Santoro appeals from the trial court's order dated November 13, 1984, denying an increase in child support because there was no showing of a substantial change of circumstances as required by Minn.Stat. § 518.64, subd. 2 (1984). We affirm.

## FACTS

Appellant Nanci Santoro and respondent William Ramsey were divorced on September 17, 1976. Santoro was awarded custody of the parties' minor child, and Ramsey was ordered to pay $100.00 per month for child support.

In 1983, Santoro moved to increase child support. The court increased the child support to $200.00 per month by stipulation of the parties. An amended decree was entered on August 23, 1983.

In October 1984, Santoro again moved to increase child support to an amount required under the support guidelines. The trial court denied her request for increased support payments since there was no showing of a substantial change of circumstances as required by section 518.64. In an attached memorandum, the trial court also held that the guidelines are only intended to be used by a public authority. Ramsey requests attorney's fees on appeal.

## ISSUES

1. Did the trial court abuse its discretion by refusing to increase child support?

2. Is Ramsey entitled to attorney's fees on appeal?

## ANALYSIS

This court has held that "[t]he child support guidelines are applicable to non-assistance cases." *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984); *see* Minn.Stat. § 518.17, subd. 5 (1984). A modification of child support will be granted in nonassistance cases according to the guidelines if the court finds a substantial change in circumstances. Minn.Stat. § 518.64, subd. 2 (1984); *see Heaton v. Heaton,* 329 N.W.2d 553, 554 (Minn.1983).

Our inquiry is limited to whether there has been a substantial change in circumstances since the 1983 amended decree which increased child support from $100 to $200 per month. A trial court's findings will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. "If the determination has a reasonable and acceptable basis in fact, it must be affirmed." *Meyer v. Meyer,* 359 N.W.2d 74, 76 (Minn.Ct.App. 1984).

Neither party has changed jobs since the 1983 increase in child support. The record shows Santoro's gross income for 1983 was $10,548, and, during the first three quarters of 1984, was approximately $10,000, an increase of approximately $3,000.

Ramsey, a commission salesman for Carson, Pirie, Scott floor covering distributors, grossed $19,529.85 in 1983. His 1984 earnings were estimated at $20,000, a very small change from 1983 to 1984. His present wife has a net monthly income of approximately $1,000.00.

Based on incomes alone, it is clear there has not been a substantial change in circumstances. Nevertheless, Santoro argues that changes in Ramsey's employment benefits constituted such a change.

Prior to May 1984, Ramsey was reimbursed for out of pocket expenses incurred as a result of being on the road as a salesman. Thereafter, he was provided an advance allowance of $1,200 per month, an average net gain on his expense allowance of only $42.50 per month. Reimbursement for other automobile expenses were just as minor. These amounts do not constitute a substantial change in circumstances justifying a modification of the support order. The record, which contained detailed affidavits from both parties, answers to interrogatories and responses to document requests, supports the trial court's order.

## DECISION

The trial court did not abuse its discretion when it refused to increase the child support. Because the trial court erred on the applicability of the child support guidelines, Santoro's appeal was not totally meritless. Therefore, Ramsey's request for attorney's fees is denied.

Affirmed.