**In re the Marriage of Judith A. BLOMGREN, petitioner, Appellant,**

v.

**Donald F. BLOMGREN, Respondent.**

**No. C6–84–2053.**

Court of Appeals of Minnesota.

May 21, 1985.

Sonseere H. Goldenberg, Minneapolis, for appellant.

Walter Sawicki, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Judith A. Blomgren appeals from the order of the trial court denying her motion for increased child support. The trial court granted a cost of living escalator based on actual cost of living increases granted to respondent Donald Blomgren by his employer.

We remand.

## FACTS

On January 3, 1972, a judgment and decree was entered dissolving the parties' marriage. Judith Blomgren was granted custody of the parties' daughter Nancy, born on December 2, 1969 and pursuant to the agreement of the parties, respondent

Donald Blomgren was ordered to pay $150 per month for child support.

On May 31, 1974, an amended judgment and decree was entered upon agreement of the parties. The trial court found Donald delinquent in his child support payments for a period of six months in the amount of $918 and ordered Donald to pay this amount. Donald's child support obligation was reduced to $95 per month beginning May 1974. Donald's obligation was specifically conditioned upon Judith's compliance with visitation. With Donald's consent, Judith and Nancy moved to Florida. In November of 1977, Judith and Nancy returned to Minnesota. Judith did not allow Donald to see Nancy because Donald had made no child support payments since June of 1974.

Several child support orders followed. Upon motion, after a hearing and by order dated October 3, 1978, Donald was ordered to pay $45 every two weeks as child support. Arrearages were held in abeyance. On April 18, 1979, after a hearing, Donald was found able to pay $45 every two weeks for child support. On April 7, 1980, the court again found Donald able to pay, and ordered him to pay, $90 per month for child support. Donald complied with these orders. On May 30, 1984, Judith moved for an increase in the level of child support to reflect an increase in Donald's salary and an increase in the cost of living. Since the entry of the original judgment and decree, the salaries of both parties have increased substantially. From 1973 to 1980, Donald's gross income increased from $10,728.92 to $23,989.39. Judith's gross income increased from $5,700 in 1972 to $15,705.60 in 1984. According to the United States Department of Commerce, the Consumer Price Index showed an increase in the cost of living of 135 percent from 1973 to 1983.

On October 23, 1984, the trial court denied Judith's request for increased child support and granted a prospective cost of living adjustment based upon actual cost of living increases given by Donald's employer.

### ISSUES

1. Did the trial court err in denying Judith's motion for an increase in child support?

2. Did the trial court err in granting a cost of living increase tied to increases granted to Donald by his employer?

### ANALYSIS

1. *Modification.*

■ A child support order may be modified upon a showing that a substantial change in circumstances has made the original terms unreasonable and unfair. *Heaton v. Heaton,* 329 N.W.2d 553 (Minn. 1983); *see Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App.1984).

Minn.Stat. § 518.64, subd. 2 (1984) provides for modification of a child support order

* * * upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

Once a party proves the existence of any one of the four statutory grounds for modification, the trial court must then address the question of whether the original child support terms are unreasonable and unfair as a result. While she alleges an increased need in providing for her daughter, Judith does not substantiate that claim with anything more than a request that this court take judicial notice that a teenage girl requires greater expenditures than does a three-year-old. However, she presented evidence of increased earnings and a change in the cost of living. In response, Donald argues that the income of both parents have increased and that the changes have not made the terms of child support unreasonable or unfair.

■ After considering all statutory factors, the trial court must make findings on: (1) the present net income of each party and each spouse; (2) the needs of the child; and (3) whether the changes in these areas since the time of the dissolution made the original order unfair. *Derence v. Derence,* 363 N.W.2d 86 (Minn.Ct.App.1985).

■ If a substantial change in circumstances is shown, the trial court must then apply the statutory guidelines of Minn.Stat. § 518.17, subd. 5 (1984) unless it makes express findings of fact justifying the deviation. *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984).

■ In this case, the trial court made no findings on the question of change of circumstances and whether the alleged changes resulted in the child support being unreasonable, and the court did not address the statutory guidelines. The order of the trial court is unreviewable and must be remanded for findings.

■ In reconsidering the issue of increased child support, the trial court should remember that, although Judith's income may also have increased, the child is entitled to enjoy the benefits of the increased household income of both her parents. *Derence v. Derence.*

■ Minn.Stat. § 518.64, subd. 2, also provides that a modification which increases child support may be made retroactive if the obligor has not substantially complied with the previous order. Judith argues to this court that Donald did not substantially comply with prior orders. Again, the trial court made no finding on this issue. If, on remand, the court increases the amount of child support, it must make an additional finding and determination as to retroactivity of the increase.

2. *Cost of Living.*

Judith also appeals the decision of the trial court granting her a cost-of-living increase for child support payments based on increases awarded to Donald by his employer. Judith argues that the child support increases should be based on a national scale such as the Consumer Price Index.

■ Minn.Stat. § 518.641, subd. 1 (1984) requires that an order for child support provide for a biennial adjustment in the amount to be paid based on a change in the cost of living. It directs the trial court to use a cost-of-living index published by the Department of Labor. The cost-of-living requirement may be waived if the court makes an express finding that the obligor's income or occupation does not provide for a cost-of-living increase. Minn.Stat. § 518.-641, subd. 1. The cost-of-living adjustment may be reduced or deleted

[i]f * * * the obligor establishes an insufficient cost of living or other increase in income that prevents fulfillment of the adjusted child support obligation * * * *.

Minn.Stat. § 518.641, subd. 3 (1984).

Here, the court made no finding but conditioned a cost-of-living increase in child support on an actual cost-of-living increase in Donald's salary. There is no indication in the record whether the "modest cost-of-living increase" admitted by Donald in his affidavit was greater or less than the rate of inflation.

The statute provides a cost-of-living adjustment not merely to reflect an obligor's increase in income, but to meet children's needs which are also rising with inflation. It places a burden on the obligor of producing evidence regarding adjustments in income. *Id.* It does not permit a conditional order by which the obligor monitors his own compliance.

The court on remand should make findings as to the cost-of-living adjustments, if any, in Donald's income. In accordance with such findings, it may make any order which complies with the statute.

### DECISION

Because the trial court made no findings on this motion for increased child support, the matter is remanded to the trial court for findings.

Remanded.