**In re the Marriage of Kenneth G. KEHR, Petitioner, Respondent,**

v.

**Barbara L. KEHR, Appellant.**

No. C5-85-1020.

Court of Appeals of Minnesota.

Oct. 22, 1985.

Dennis L. Briguet, West St. Paul, for respondent.

Joseph W. Hautman, Minneapolis, for appellant.

Considered and decided by PARKER, P.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Barbara Kehr appeals from an order denying her motion for increased child support. We remand to the trial court for findings.

## FACTS

On October 15, 1976, a stipulation-based judgment and decree was entered dissolving the parties' marriage. Appellant mother was given custody of two minor children. Respondent father agreed to pay $150 per month for the support of each child. Father made the support payments as ordered. After the older child reached age eighteen, father continued to pay $300 per month. From October 1984 to January 1985, he paid $350 each month.

On March 13, 1985, mother brought a motion to increase child support. She requested support in accordance with the guidelines, contending that there was a substantial change in circumstances because father's net monthly income had increased from $1,000 to $1,750. From 1976 to 1985, mother's net monthly income also increased from $340 to $1,400. Mother alleged that the remaining minor child's needs had increased because she is now sixteen years old. An affidavit showed mother's monthly expenses.

The trial court denied the motion for modification, but made no findings of fact. A memorandum explained the decision:

This dissolution was originally handled by Stipulation as a result of which the support for two children was fixed and [mother] got the home of the parties and all the household goods and furnishings, and at the moment one child is eman-

cipated, and the Court sees no reason why the support for the other child should be changed in any fashion, and the parties should, of course, comply with the Decree as ordered.

This appeal followed.

## ISSUE

May the trial court deny a motion for increased child support without making findings on the issue of whether there has been a change in circumstances which makes the current support order unreasonable and unfair?

## ANALYSIS

Modification of child support is governed by Minn.Stat. § 518.64 (1984). That statute provides in relevant part:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1984).

Once a party proves the existence of a statutory ground for modification, the trial court must then address the question of whether the original child support terms are unreasonable and unfair as a result. *Blomgren v. Blomgren*, 367 N.W.2d 918, 920 (Minn.Ct.App.1985). If the trial court determines that modification of child support is appropriate under section 518.64, it must then apply the statutory guidelines of Minn.Stat. § 518.17, subd. 5 (1984), unless it makes express findings of fact justifying the deviation. *Hadrava v. Hadrava*, 357 N.W.2d 376, 379 (Minn.Ct.App.1984).

Here, the trial court made no findings pursuant to section 518.64. We cannot determine from the record what

factors, if any, the trial court considered in denying mother's motion. To the extent that the trial court may have relied on the parties' original child support stipulation in denying mother's motion, that reliance was not well-founded. A stipulated child support award is subject to modification when the factors set forth in Minn.Stat. § 518.64 are met. *See Tammen v. Tammen,* 289 Minn. 28, 182 N.W.2d 840 (1970). To rule that it is not modifiable would neither serve the best interests of minor children nor promote the commendable practice of resolving marital dissolution issues by means of stipulation.

■ We recognize that mother's income, as well as father's, has increased since the marriage dissolution. We recognize, also, that a child is entitled to enjoy the benefit of increased income of both parents. *Derence v. Derence,* 363 N.W.2d 86, 89 (Minn. Ct.App.1985).

■ This matter must be remanded to permit the trial court to make appropriate findings and enter an order consistent with those findings.

### DECISION

Because the trial court made no findings on appellant's motion for increased child support, the matter is remanded for findings.

Remanded.