**In re the Marriage of Jeanette I. NYHOLM, Petitioner, Respondent,**

**v.**

**David R. NYHOLM, Appellant.**

**No. C1–85–1869.**

Court of Appeals of Minnesota.

Feb. 4, 1986.

Review Denied April 11, 1986.

Susan Ginsburg, Duluth, for respondent.

Leonard A. Wilson, Jr., Cloquet, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from two post-decree orders: the first increasing appellant's child support obligation, and the second denying in part modification and amendment of the first order. Appellant claims the trial court abused its discretion by increasing his child support obligation where the existing support terms were not unreasonable or unfair. We affirm.

## FACTS

Appellant David R. Nyholm and respondent Jeanette I. Nyholm were married in 1958. Their marriage was dissolved by judgment pursuant to stipulation on August 25, 1976. The parties' four children were all unemancipated. Appellant agreed to pay $100 per month per child until emancipation. Respondent received the homestead valued at $35,000 and agreed to pay appellant $17,500 on July 1, 1984 to satisfy his homestead interest.

In 1980, respondent moved for modification of child support. Only two of the children remained unemancipated. On July 11, 1982, modification was ordered requiring appellant to pay $150 per month per child in support commencing February 1, 1982.

In February 1985, respondent again moved for modification. Appellant was ordered to file a responsive affidavit regarding his financial circumstances. On June 7, 1985, the trial court ordered modification requiring appellant to pay $450 per month for support of the parties' only remaining unemancipated child effective April 1985. Appellant moved for modification and amendment of the trial court's order. On August 15, 1985, appellant's motion was granted regarding the retroactivity of the modified support obligation, but was denied regarding the upward modification. Appeal is made from both the June 7 and August 15 orders.

## ISSUE

Did the trial court abuse its discretion by granting respondent's motion for increased child support?

## ANALYSIS

1. In postjudgment divorce proceedings, the trial court has broad discretion to order a revision or alteration of the judgment, including provisions for child support. Such an order may be reversed on appeal only for an abuse of discretion in the sense that the order is arbitrary or unreasonable or without evidentiary support.

*Smith v. Smith,* 282 Minn. 190, 193, 163 N.W.2d 852, 856 (1968) (footnote omitted).

A child support order may be modified upon a showing that a substantial change in circumstances has made the original terms unreasonable and unfair. *Blomgren v. Blomgren,* 367 N.W.2d 918, 920 (Minn.Ct.App.1985). A significant change in circumstances may be indicated by a party's substantially increased or decreased earnings or a party's substantially increased or decreased needs. Minn.Stat. § 518.64, subd. 2 (1984).

After considering all statutory factors, the trial court must make findings on: (1) the present net income of each party and each spouse; (2) the needs of the child; and (3) whether the changes in these areas since the time of the dissolution made the original order unfair. *Derence v. Derence,* 363 N.W.2d 86 (Minn.Ct.App.1985).

*Blomgren,* 367 N.W.2d at 921.

The trial court found respondent's net income had increased from $550 to $950 per month since the previous modification, while her expenses had increased from $750 to $1350 per month. Appellant's net monthly income had increased from $1100 to $1800. The trial court also found:

There was no evidence establishing a decreased ability on the part of husband to pay, either by virtue of increased expenses or otherwise.

The trial court concluded:

Petitioner wife has established that there has occurred substantially increased needs of herself and the minor child and substantially increased earnings of respondent husband and which make the terms of the previously established child support order unreasonable and unfair.

2. Appellant claims the guidelines should not be applied because the original decree as modified in 1982 was not unreasonable and unfair. But a substantial change in circumstances has been shown

and found by the trial court. Respondent's income has failed to keep pace with her increasing expenses. Appellant's income has increased substantially without an apparent decreased ability to pay. The trial court properly concluded such circumstances rendered the existing support terms unreasonable and unfair.

If a substantial change in circumstances is shown, the trial court must then apply the statutory guidelines of Minn. Stat. § 518.17, subd. 5 (1984) unless it makes express findings of fact justifying the deviation. *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984).

*Blomgren,* 367 N.W.2d at 921. The guidelines require a support obligation for one child of 25% of net monthly income if in excess of $1000. The trial court applied the guidelines in setting appellant's obligation at $450 per month. Respondent by affidavit established the minimum monthly cost of raising the child as $335 plus other anticipated unascertained needs. Appellant claims application of the guidelines is unfair because the $450 per month obligation exceeds the minimal needs of the child. Appellant's concern with the child's minimum needs is misplaced. The child is entitled to the benefit of his increased income regardless of the child's minimum needs. *See Derence v. Derence,* 363 N.W.2d 86, 89 (Minn.Ct.App.1985).

### DECISION

The trial court did not abuse its discretion by upwardly modifying appellant's child support obligation.

Affirmed.