**In re the Marriage of Suzanne L. MARTIN, petitioner, Appellant,**

v.

**Dean G. MARTIN, Respondent.**

**No. C6–85–1429.**

Court of Appeals of Minnesota.

March 4, 1986.

Jane Binder, Minneapolis, for appellant.

Rex D. Stacey, Hastings, for respondent.

Heard, considered and decided by FORSBERG, P.J., LANSING and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Suzanne Martin appeals the trial court's denial of her motion to increase child support. The trial court's order amended an order made one month previously which ordered an increase in child support. We reverse and remand.

## FACTS

The parties were divorced in 1978. Appellant was awarded custody of the parties' three children. Respondent, Dean Martin, was ordered to pay $100 per month per child for support. The parties' oldest child reached majority in April, 1984, and her support is not at issue here. Appellant moved for increased support based on increased earnings of respondent and/or the increased needs of the children.

At the time of the dissolution, respondent's annual gross income was $22,992 ($1,916 per month). Appellant had grossed $578 per month, but was unemployed at the time of the dissolution. The trial court anticipated that she would find permanent employment.

The trial court did not make findings of the parties' current incomes. Appellant claims that her net monthly income is now $1,337. Respondent's pay stub indicates net monthly income of approximately $2,120 ($3,136 gross).

The trial court did not make specific findings of the children's needs or the parties' expenses. Appellant claims that her monthly expenses total $2,364.41. She also lists a number of items which she cannot afford to buy the children, including bicycles, a desk, a new bedroom set, summer camp, movie tickets, and clothes.

On June 10, 1985, the trial court found that the needs of the children had increased and "exceed the ability of [appellant] to reasonably provide for such needs without financial assistance of [respondent]." The court ordered child support to increase to $500 per month. The trial court made no finding justifying its downward deviation from the child support guidelines. In its memorandum, the trial court stated:

I have not made a finding as to whether or not a substantial change in income has occurred. Both the parties are going to have to absorb a portion of the increased expenses of the two children. I anticipate this decision will increase [respondent's] payments $200.00 per month since he will undoubtedly discontinue his voluntary payment of $100.00 toward the adult daughter.

If either party requests, I will withdraw this decision and make a specific finding on whether there has been a substantial change in income and whether there should be any modification of the child support ordered.

Respondent then moved for reduction of child support and appellant moved for an increase of support to $636.14, the alleged guidelines amount. Finally, on July 16, 1985, the court denied appellant's request for a child support increase, holding, in effect, that appellant had not carried her burden of proving substantially increased expenses related to the children. The court also reasoned that "since 1978 the cost of living has risen 52.40 percent and the Respondent's income has kept pace with the cost-of-living increase but has not exceeded such increase." The trial court withdrew its order of June 10, leaving appellant entitled to only $100 per month for each child, the amount set in the original judgment and decree, entered in 1978.

## ISSUE

Did the trial court err in refusing to increase child support?

## ANALYSIS

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as mea-

sured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

Minn.Stat. § 518.64, subd. 2 (1984). For the reasons stated below, we reverse and remand.

■ On remand the trial court should make findings on the present net income of the parties, the needs of the children, and whether the changes since the time of the dissolution in 1978 make the original award unreasonable and unfair. *See Blomgren v. Blomgren*, 367 N.W.2d 918 (Minn.Ct.App. 1985). The trial court never made findings on these matters, despite its two separate orders. We cannot properly review the matter without these findings.

■ We agree with appellant that the trial court erred in holding that the fact that respondent's income increased no more than the consumer price index meant that respondent had no substantial increase in income. The fact that a payor's income increased the same amount as the consumer price index can be taken into account, along with other factors, by a trial court, when examining whether an increase in income is substantial pursuant to § 518.64, subd. 2. However, such circumstances do not automatically negate a party's claim that the increase is a substantial one. Inflation is merely a factor that can be examined, along with other factors, including the amount of increase or decrease in each party's income; the financial circumstances of each party's spouse, if any; the needs of each party; and the needs of the children. *See Heaton v. Heaton*, 329 N.W.2d 553, 555 (Minn.1983) (increased cost of living is generally reflected in actual budget items).

We also note that inflation does not affect the payor alone. It would be an unusual case where the children's needs and the custodial parent's budget did not also rise with inflation. *See Blomgren v. Blomgren*, 367 N.W.2d 918, 921 (Minn.Ct. App.1985).

■ Respondent argues that only the increase in income since 1980 should be considered in determining whether or not the increase was substantial because the trial court denied a motion for increased support in 1980. He claims that if the circumstances were not sufficiently changed in 1980, appellant should show that the circumstances have changed substantially since then. While we do not dismiss appellant's argument out of hand, we hold the trial court, in its discretion, properly looked at the totality of circumstances going back to the original decree. This is consistent with the statute's requirement that the terms of the original decree be unfair in order to modify child support.[1] Minn.Stat. § 518.64, subd. 2.

Appellant also attempted to prove substantially increased needs of the children under § 518.64 subd. 2. Either substantially increased needs or substantially increased income fulfills the first criterion for modification of child support. *Id.* Appellant claimed monthly expenses in excess of $2,300, while her net income was only $1,337. The trial court held that appellant had not carried her burden of proof, stating:

> [Appellant] has not offered any evidence of the increased needs of the children other than a statement in her affidavit that the family needed $2,300.00 per month to meet their expenses. [Appellant] failed to attach the schedule of expenses to her affidavit and the Court cannot determine the needs of the children and will not speculate on the increased needs.

Appellant claims that she filed the schedule of expenses with the clerk of court, and that the trial court erred in holding that she had not carried her burden of proof. Respondent's counsel noted at oral argu-

---

1. We do not address the time period for measuring changed circumstances where a modification has been made in the original child support decree because that issue is not presented by the facts of this case.

ment that he had received the schedule of expenses, along with the affidavit. Rather than second guess the trial court as to whether the schedule was present in its file or whether it was present and the court overlooked it, we note that the trial court can consider the schedule on remand.

On remand, the trial court must make findings as to the needs and expenses of the children, whether these needs and expenses have increased substantially, and whether or not the original award is now unfair.

 Respondent urges affirmance because appellant's income also has increased, making the terms of the original award still fair and reasonable. Appellant's income rose from a gross of $578 per month to her claimed net of $1,337 per month, a greater percentage increase than respondent's increase in income. We note that this alone does not mean that the original support is fair and reasonable. The children's needs may have increased beyond appellant's ability to meet them. *See Heaton v. Heaton,* 329 N.W.2d 553, 554 (Minn.1983) (error to "consider the financial circumstances of the two parents only in relation to each other" because this could result in "an unfair portion of the support obligation [being] shifted to the custodial parent"); *Giencke v. Haglund,* 364 N.W.2d 433 (Minn.Ct.App.1985); *Kehr v. Kehr,* 375 N.W.2d 88, 90 (Minn.Ct.App. 1985) (children are "entitled to enjoy the benefits of increased income of both parents"); *Derence v. Derence,* 363 N.W.2d 86, 89 (Minn.Ct.App.1985); *Winter v. Winter,* 375 N.W.2d 76 (Minn.Ct.App.), *pet. for rev. denied* (Minn. Dec. 30, 1985).

The increase in appellant's net income is a legitimate factor for the court to consider in determining whether the original decree is unreasonable and unfair, but standing alone it cannot be the sole determining factor. On remand, the trial court must make a finding as to whether or not the original award is now unfair, taking into account all the factors listed in Minn.Stat. § 518.64, subd. 2. *See Giencke v. Haglund,* 364 N.W.2d 433 (Minn.Ct.App.1985).

If, after making the appropriate findings, the trial court concludes that the increase in income or the children's needs is substantial and that the original award is unfair, it must increase child support according to the statutory guidelines "unless it makes express findings of fact justifying deviation." *Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984) (quoted in *Neary v. Neary,* 366 N.W.2d 369, 371 (Minn.Ct.App.1985).

## DECISION

The trial court erred in not making the findings required under Minn.Stat. § 518.-64, subd. 2. We remand with instructions to make findings specifying (1) each party's current net income; (2) whether or not respondent's increase in income is substantial; (3) appellant's expenses and needs; (4) whether or not the increase in appellant's needs is substantial; and (5) whether or not the original award is now unfair.

Reversed and remanded.