**In re the Marriage of LynnRae E. ALEX, Petitioner, Respondent,**

v.

**Dennis A. ALEX, Appellant.**

**No. C9-87-795.**

Court of Appeals of Minnesota.

Aug. 18, 1987.

Robert A. Standke, Standke, Greene & Greenstein, Ltd., Minnetonka, for respondent.

Todd R. Haugen, Katz, Davis & Manka, Ltd., Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and WOZNIAK and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Dennis appeals from a post-decree order denying his motion for decreased child support. We affirm.

## FACTS

The parties were married in June 1973 and divorced by judgment and decree entered in February 1985. They have three minor children, ranging in age from five to ten years.

The original judgment and decree was based upon the parties' written stipulation. They stipulated to joint custody of the minor children, with LynnRae having physical custody and Dennis paying $400 biweekly to LynnRae for child support. The child support approximated the guidelines recommendation, based on Dennis's net monthly salary of $1,560. Both parties have since remarried.

In January 1987, Dennis brought an action requesting reduction of his child support obligation, alleging that a change in circumstances made the existing order unfair and unreasonable. LynnRae brought a countermotion requesting attorney fees.

The referee found that:

1. Dennis's *net* income had increased from $1,560 at the time of the dissolution to $1,900;

2. LynnRae's *gross* income had increased from $400 per month at the time of dissolution to between $550 and $700;

3. The living expenses for the three minor children, Lynn Rae, and her new spouse were $2,050, of which $1,100 was necessary to support the children;

4. Dennis estimated his necessary living expenses, including child support, to be $2,370.

The referee concluded that no substantial change in the parties' financial situation had occurred making the original award of child support unreasonable or unfair. It therefore denied Dennis's motion for decreased child support. The referee did not make findings or conclusions regarding LynnRae's motion for attorney fees. The trial court ordered the referee's order affirmed in all respects and did not address LynnRae's request for attorney fees.

Dennis appeals from the judgment denying his request for reduction in his child support obligation. LynnRae also filed a notice of review appealing from the trial court's denial of attorney fees, and a motion requesting attorney fees incurred on appeal.

## ISSUES

1. Did the trial court err in not reducing appellant's child support obligation?

2. Did the trial court abuse its discretion in not awarding attorney fees to respondent?

## ANALYSIS

1. The decision to modify an award of child support is left to the broad discretion of the trial court. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). An abuse of discretion exists only if this court finds a clearly erroneous conclusion that is against logic and facts on the record. *Id.*

A modification of a child support award is appropriate upon a showing of substantially increased or decreased earnings of a party, or substantially increased or decreased need of a party or the children, when the effect of the change is to make the existing order unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1986).

Dennis specifically alleged that Lynn-Rae's earnings had increased, his child support payments exceeded the amended guidelines figure, and his debts had increased. Regarding LynnRae's increased earnings, at the time of the dissolution, she grossed $400 per month. She rented rooms to two missionaries who paid her a monthly total of $200 for rent, and she did child care in her home grossing another $200 per month.

In addition to the money for rent and child care that she still receives, LynnRae has worked at St. Luke's Co-op, with gross monthly earnings of $150. The St. Luke's Co-op position was abolished in February 1987, however—one month after the hearing. She grosses almost $150 per month more from child care in her home.

In short, at the time of the motion, Lynn-Rae was grossing $300 more per month than at the time of dissolution. Within one month after the hearing, however, she was grossing only $150 more, for total monthly *gross* income of $550. Conversely, Dennis's *net* income had increased by about $350 per month since the time of the dissolution, for a total monthly net income of over $1,900.

Second, Dennis argues he is paying more than the amended guidelines require. Guidelines are not a relevant factor for consideration in a motion to modify child support unless the obligor has first proven a change in circumstances rendered the original terms unreasonable and unfair. *See Kehr v. Kehr*, 375 N.W.2d 88, 89 (Minn.Ct.App.1985).

Third, Dennis argues that he is less able to support the children than at the time of dissolution because he is incurring substantial debts. While his debt has increased since the dissolution, the trial court was not clearly erroneous in finding that the changes in Dennis's ability to pay were not substantial. In sum, the trial court did not err in refusing to reduce child support payments.

2. LynnRae sought attorney fees at the trial and appellate court levels. The trial court declined to award fees. That decision rests almost entirely within the discretion of the trial court, *Zagar v. Zagar*, 396 N.W.2d 98, 102 (Minn.Ct.App. 1986), and we cannot say it abused its discretion. Given LynnRae's inability to pay and Dennis's increased income and

ability to pay, however, we award LynnRae $400 for fees incurred on this appeal.

## DECISION

The trial court is affirmed in all respects. Appellant is ordered to pay respondent $400 for attorney fees incurred on appeal.

Affirmed.