**In Re the Marriage of Jacquelyn M. DAILY, Petitioner, Respondent,**

v.

**Douglas S. DAILY, Appellant.**

**No. C4–88–1332.**

Court of Appeals of Minnesota.

Dec. 27, 1988.

Sarah J. Batzli, Collins, Buckley, Sauntry & Haugh, St. Paul, for respondent.

Jeffrey S. Sheridan, Thuet, Lynch, Pugh & Rogosheske, South St. Paul, for appellant.

Heard, considered and decided by WOZNIAK, C.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Douglas S. Daily appeals from a trial court order expanding his child support obligations because of a substantial increase in his income under Minn.Stat. § 518.64, subd. 2 (Supp.1987). We reverse.

## FACTS

Appellant Douglas S. Daily and respondent Jacquelyn M. Daily were married January 6, 1979. Their daughter was born in May 1979 with a birth defect requiring a "brain shunt" and constant care for much of her early life. Respondent stayed at home to provide this care.

The parties' marriage was dissolved November 16, 1981, less than two years before the effective date of the child support guidelines found at Minn.Stat. § 518.551, subd. 5 (1986). The decree awarded custody of the child to respondent and required appellant to maintain both his own life insurance policy and a separate medical insurance policy for the benefit of the child. Additionally, appellant had to pay monthly child support of $175. Since that time he has complied with these requirements.

In February 1988 respondent moved to increase appellant's child support obligation. Based upon appellant's income, the guidelines suggested a monthly support amount of $300.25. Citing an increase in appellant's income and several trips appellant has recently made to Florida and Colorado, respondent alleged there was a "substantial" increase in appellant's income and standard of living justifying an increase in his child support obligation.

The trial court received and considered affidavits, depositions and exhibits detailing the parties' employment, expenses and liabilities. It found that appellant, a seasonal employee in the construction industry had a gross income, including unemployment benefits, of $18,629 in 1981 and $20,863 in 1987. Appellant points out this represents an increase of approximately 12%. Appellant's 1987 net annual income was found to be $14,419 or $1,201 monthly. Because his hourly wage was the same in 1987 as it is in 1988, his 1987 income was found to be representative of his 1988 income. As a self-employed day care provider, respondent's current income was found to be approximately $10,000.

The parties' monthly living expenses were found to be $1,576 for appellant and $1,337.83 for respondent and daughter. Additionally, the court found that the relevant Consumer Price Index increased approximately 20% between the original child support determination in 1981 and the 1988 modification request.

Lastly, appellant informed the court that his out of state trips were a result of personal and family associations and not his employment. Therefore, he maintains they should not be the basis of an increased child support obligation. He also alleged that he invited his daughter to join him on these trips but that respondent, as custodial parent, has refused permission. The trial court made no findings regarding appellant's travel.

Based on the above, the trial court found a substantial increase in appellant's income under Minn.Stat. § 518.64, subd. 2 (Supp. 1987) and ordered his child support obligation increased to the guideline amount of $300.25 a month.

## ISSUE

Did the trial court abuse its discretion in finding a "substantial" increase in appellant's income between dissolution and respondent's motion for increased child support?

## ANALYSIS

Appellant, explicitly *not* contesting any of the trial court findings, only challenges its conclusion that the $2,234 increase in his income between the dissolution and respondent's motion for increased support was substantial under Minn.Stat. § 518.64, subd. 2 (Supp.1987). Arguing that the trial court abused its discretion in finding such an increase, appellant maintains the court should not have reached the question of whether to increase his child support obligations.

Trial courts have broad discretion in modifying child support and should be reversed only for a "clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). Child support obligations

> may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; * * *

Minn.Stat. § 518.64, subd. 2 (Supp.1987). Additionally, if the child support determination has a "reasonable and acceptable basis in fact and in principle, [an appellate court] will and must affirm." *Dubois v. Dubois,* 335 N.W.2d 503, 507 (Minn.1983) (citing *Bollenbach v. Bollenbach,* 285 Minn. 418, 175 N.W.2d 148 (1970)).

Appellant argues that *Santoro v. Ramsey,* 366 N.W.2d 698 (Minn.Ct.App.1985) controls regarding whether there was a "substantial" increase in his income and that it mandates a reversal in this case. While we do not agree that *Santoro* requires reversal as a matter of law, we still reverse.

In *Santoro,* the parties were divorced in 1976, and child support was set before the guidelines were applicable. During 1983, a stipulation increased the father's child support obligations and in October 1984 the mother again moved for an increase in the father's child support obligations, this time to the applicable guideline amount. The trial court denied her request citing the lack of a substantial change in circumstances under Minn.Stat. § 518.64, subd. 2 (Supp.1987). On appeal this court observed that the father's income was $19,529 in 1983 and estimated to be $20,000 in 1984. In affirming the trial court's denial, we explicitly stated:

> Based on incomes *alone,* it is clear that there has not been a substantial change in circumstances.

*Santoro,* 366 N.W.2d at 699 (emphasis added).

We find *Santoro* instructional regarding income but not controlling in this case because the *Santoro* court was speaking only about an income increase occurring over a one year period. Here, the trial court did examine the parties' income, but it also considered their expenses and employment status over a span of seven years. Additionally, the trial court noted that the relevant cost of living index increased by twenty percent between the dissolution and respondent's motion. We find appellant's observation that the increase in the cost of living was greater than the increase in his income to be noteworthy. While not determinative, such a consideration is proper. *See Martin v. Martin,* 382 N.W.2d 920, 922 (Minn.Ct.App.1986) (Inflation is merely a factor that can be examined along with other factors). Here, the increase rendered appellant's nominal gain to be a loss in real terms.

Based on the small increase in appellant's nominal income and the greater rise in the associated cost of living during the extended period over which appellant's income "rose," we conclude that in this case, the trial court erred in finding that a $2,234 "increase" in appellant's income over seven years was "substantial" under Minn.Stat. § 518.64, subd. 2 (Supp.1987).

Given our disposition of the issue in this case, we deny both parties' request for attorney fees.

## DECISION

Because there was no substantial increase in appellant's income between the marital dissolution and respondent's motion for increased child support, it was error for the trial court to increase appellant's child support obligations.

REVERSED.

HUSPENI, Judge (concurring in part and dissenting in part).

The trial court made findings regarding the incomes of both parties and drew only two conclusions:

(1) that [appellant's] increase in income from $18,629.00 in 1981 to $20,863.00 in 1987 represents a substantial increase within the meaning of Minn. Stat. 518.64.

(2) that applying the Minnesota Child Support Guidelines to [appellant's] current income results in an ongoing monthly obligation of $300.25.

Inasmuch as the trial court based the increase in child support solely on the change in appellant's income between the years 1981 and 1987, I agree with the majority that the rationale of *Santoro v. Ramsey*, 366 N.W.2d 698 (Minn.Ct.App. 1985) applies. However, I am troubled by the trial court's failure to address those factors present in this case which, I submit, could constitute a change in circumstances and could sustain an increase in child support.

The trial court did not make findings on the expenses of each party, nor did it make any finding as to the needs and expenses of the minor child.[1]

The trial court did find that respondent "brings in approximately $10,000 per year" through self-employment as a day care provider. Clearly, respondent has been attempting to provide for the needs of herself and the parties' minor child during the past several years on her income plus modest child support. The $175.00 per month

level was stipulated to by the parties at the time of the dissolution, and while advisory to the trial court only, was approved. *See Compart v. Compart*, 417 N.W.2d 658 (Minn.Ct.App.1988). This circumstance of modest stipulated support, among others, would be appropriate for trial court inquiry at the time a motion for increased child support was brought.

I would remand this matter for reconsideration of all those factors other than obligor's income, which could have and should have been included in determining whether there had been a substantial change in circumstances making the award of child support unreasonable and unfair.

---

1. The trial court stated: "[appellant] estimates his monthly living expenses in the amount of $1,576.00 and * * * [respondent] estimates * * * the monthly living expenses for herself and the minor child to be $1,337.83". I submit these are not actual findings of the trial court at all, but merely a recital of what the parties themselves claim to be their respective circumstances.