**In re the Marriage of Margaret M. DER-ENCE, n.k.a. Margaret M. Maxson, petitioner, Respondent,**

v.

**John P. DERENCE, Appellant.**

**No. CO-84-1738.**

Court of Appeals of Minnesota.

Feb. 19, 1985.

Stuart E. Gale, Bloomington, for respondent.

Dean A. Nyquist, Brooklyn Center, for appellant.

Considered and decided by SEDGWICK, P.J., and FOLEY, and CRIPPEN, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

The non-custodial father appeals the trial court's modification of child support. We reverse and remand.

## FACTS

Margaret M. Maxson, f.k.a. Margaret M. Derence, (respondent) and John P. Derence (appellant) were divorced in November, 1983. They have two children, Koreen,

born February 20, 1969, and Karisa, born October 16, 1971. The parties share joint legal custody, and respondent has primary physical custody.

The trial court granted Margaret's motion to move the children to Connecticut and to increase child support. The marriage was dissolved by a judgment and decree dated November 23, 1983 based on stipulation of the parties. Child support was ordered at $100 per month per child with cost of living increases to commence May 1985.

At the time of the dissolution Margaret earned $3,000 per month gross and John earned $1,200 per month gross. Both parties are remarried.

John's deposition, taken August 2, 1984, states he is earning $1,678 per month gross. His new wife earns $1,153 per month gross. Their combined monthly gross income is $2,831. These figures are exclusive of contract for deed payments of $250 per month from property awarded to him in the dissolution.

Margaret's deposition shows she and her new husband were hired as a team. Each can earn "up to $500" per week gross in salary plus commissions. Margaret qualified for the $500 per week. There is no testimony of her husband's actual earnings or of the basis for payment of commissions. There is no testimony enabling the court to determine net income for either party.

### ISSUES

1. Did the trial court make sufficient findings to permit appellate review?

2. Did the trial court err by refusing to retain jurisdiction over children residing in Connecticut?

3. Did the trial court err by awarding attorney fees to respondent?

### ANALYSIS

■ 1. The trial courts have broad discretion in determining and modifying child support. *Kirby v. Kirby*, 348 N.W. 392, 294 (Minn.Ct.App.1984) Minn.Stat. § 518.-64, subd. 2 (Supp.1983), defines those circumstances justifying modification:

*Subd. 2. Modification.* The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any.

■ Once a party proves the existence of any one of the four statutory grounds for modification the trial court must then address the question of whether the original child support terms are unreasonable and unfair as a result.

■ A child support order may be modified upon a showing that a substantial change in circumstances has made the original terms unreasonable and unfair. *Heaton v. Heaton*, 329 N.W.2d 553 (Minn. 1983); *see Hadrava v. Hadrava*, 357 N.W.2d 376 (Minn.Ct.App.1984). Here, the trial court failed to address the question of fairness and reasonableness of the original order.

The trial court found the increase in the father's household income to $35,000 per year was significant. The court stated, "This represents a significant change in the [father's] income from that which existed at the time of the dissolution, and the Court can find no basis to deviate from the statutory child support guidelines contained in Minnesota Statutes Section 518.-551, subd. 5." The court found $200 per month child support to be unreasonable in light of the father's income and ordered an increase in support payments to $377 per month, the level recommended by Minn. Stat. § 518.551, subd. 5 (Supp.1983).

There is nothing in this record to show that the trial court also considered Margaret's husband's income in making its decision.

■ The trial court, after considering all statutory factors may still conclude its original order appropriate, but findings must be made on: (1) present net income of each party and each spouse; (2) needs of the children; and (3) whether the changes in these areas since the time of the dissolution made the original order unfair. Only after these findings are made are child support guidelines then to be addressed.

■ The child support guidelines were enacted to serve several goals, including (1) to generally increase the level of child support and (2) to bring some degree of uniformity of obligation and support to persons similarly situated. *See* Sieloff, *Child Support Guidelines: The Statute and its Problems,* 2 Minnesota Family Law Journal 17, 18 (1984).

■ The father argues that since his former wife and her husband have substantial incomes, there has been no substantial change of circumstances to warrant a modification of child support under § 518.64. It is probable here that both household income levels have increased substantially. The children should enjoy the benefits of the increased household income of both their parents.

■ 2. Appellant asks that the Minnesota court retain jurisdiction to protect his custody and visitation rights. The trial court was correct in refusing this request. As appellant notes, both Minnesota and Connecticut have adopted the Uniform Child Custody Jurisdiction Act (UCCJA).

The Minnesota Supreme Court has discussed the UCCJA:

[A] typical divorce decree setting forth terms of child custody does not contemplate active supervision by the issuing court. Thus, when the parties to the decree move out of state, their nexus with that court attenuates. Should the need for modification or enforcement of the decree arise, once the child resides in the new locality for six months, the UCCJA permits a transfer of jurisdiction. The issuance of a divorce decree governing custody in one state followed by the move of the custodial parent to another state results in the new place of residence becoming the child's "home state" for the purposes of the Act.

*In re Welfare of Mullins,* 298 N.W.2d 56, 59 (Minn.1980).

Since Connecticut is the children's permanent home, the trial court properly refused to retain jurisdiction. To retain jurisdiction over children whose residence has changed is not in keeping with the law and would invite conflict with Connecticut.

■ 3. The trial court awarded respondent $350 in attorney fees. Although the trial court has broad discretion in awarding attorney fees, it erred by requiring appellant to pay respondent's attorney fees in this matter, where respondent's motion was granted over appellant's objections and where respondent's income is greater.

### DECISION

On the state of this record we must remand for additional testimony and findings to enable meaningful review of this matter. We reverse the trial court and remand for additional testimony and findings in accord with this decision.