**In re the Marriage of Margaret M. MAXSON, f.k.a. Margaret M. Derence, Petitioner, Respondent,**

**v.**

**John P. DERENCE, Appellant.**

**No. C1–85–1970.**

Court of Appeals of Minnesota.

April 8, 1986.

Stuart E. Gale, Bloomington, for respondent.

Joseph E. Marvin, Munns, Marvin & Erhart, Anoka, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

The non-custodial father appeals from the trial court's modification of child support and award of attorney's fees on remand. We affirm.

## FACTS

Appellant John P. Derence and respondent Margaret M. Maxson were divorced in November 1983. The marriage was dissolved by a judgment and decree based on a stipulation of the parties. They have two children, ages 17 and 14. The parties share joint legal custody, and respondent has primary physical custody. A stipulated agreement for child support was included in the original decree, ordering appellant to pay $200 per month for the two children, with cost of living increases to begin in May 1985.

This appeal was taken from an order entered following remand from this court. *Derence v. Derence*, 363 N.W.2d 86 (Minn. Ct.App.1985). In that appeal, this court reversed the trial court's determination that child support should be increased and remanded for additional testimony and findings on the present net income of each party and spouse, the needs of the children, and whether changes since the time of the dissolution make the original order unfair. *Derence*, 363 N.W.2d at 89. The court of appeals also held that the trial court erred in awarding attorney's fees to respondent. *Id.*

On remand, the trial court received supplementary affidavits from the parties, including an affidavit from respondent's employer. The trial court found that respondent's net monthly income had *decreased* from $2,250 at the date of dissolution to $333 at present. Michael Maxson, respondent's husband, also has a net monthly income of $333. The trial court found that appellant's net monthly income had *increased* from $916 ($11,000 per annum) at the date of dissolution to approximately $1,333 ($16,000 per annum) at present. Chong Derence, appellant's present wife, has a net monthly income of $860. In addition, the trial court considered appellant's net monthly income of $240 from a contract for deed.

Thus, the court determined that respondent's household income has decreased by $18,996 per annum and that appellant's individual income has increased by $7,840 per annum, which includes the $2,840 per annum income from the contract for deed. The trial court found that appellant's increase in income and respondent's decrease in income constituted a substantial changes of circumstances, rendering the terms of the original decree unreasonable and unfair. The court ordered an increase in child support payments to $377 per month, the recommended level under the child support guidelines. The trial court also awarded attorney's fees to respondent.

## ISSUES

1. Did the trial court abuse its discretion by granting an increase in respondent's child support obligations which relates back to the original modification order?

2. Did the trial court abuse its discretion by awarding attorney's fees to respondent?

## ANALYSIS

1. A child support order may be modified if the earnings of a party substantially increase or decrease so that the terms of the original decree become unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1984). The trial court has broad discretion in determining and modifying child support. *Derence*, 363 N.W.2d at 88. If the trial court's determination has a reasonable and acceptable basis in fact and principle, it will not be overturned on appeal. *DuBois v. DuBois*, 335 N.W.2d 503, 507 (Minn. 1983).

Appellant argues that the amount of child support should not be increased because it was calculated as part of the stipulated agreement between the parties and incorporated into the marital termination agreement accordingly. Similarly, appellant takes issue with the trial court's statement that he has additional net income of $240 per month on a contract for deed payment, claiming that this additional income resulted directly from the stipulated property division between the parties.

Although the existence of a stipulation is one factor to be considered on modification motions, child support relates to nonbargainable interests of children and is less subject to restraint by stipulation than are other dissolution matters. *Swanson v. Swanson*, 372 N.W.2d 420, 423 (Minn.Ct.App.1985). We believe that the trial court should not have considered appellant's income from the contract for deed when determining whether there has been a substantial increase in "earnings" under Minn.Stat. § 518.64, subd. 2. Thus, subtracting the contract for deed payments,

appellant's earnings increased by $5,000 per annum. Nevertheless, the trial court should consider payments resulting from the stipulated property division to calculate a party's "income" for purposes of the child support guidelines. *See* Minn.Stat. § 518.54, subd. 6 (1984); Minn.Stat. § 518.551, subd. 5(a) (1984); *Tell v. Tell*, 383 N.W.2d 678 (Minn.1986) (when determining a party's ability to pay child support, the trial court is to consider monthly property settlement payments).

Appellant also contends that respondent's income as stated in her affidavits is suspicious because she changed her story between the time she requested the trial court's permission to leave Minnesota and the time of remand. In support of her claim to leave Minnesota, respondent stated that she and her husband could earn "up to $500" per week in gross salary plus commissions from her new place of employment. The *Derence* court noted that respondent qualified for the $500 per week. *Derence*, 363 N.W.2d at 88. On remand, however, respondent stated that she and her husband would earn $225 per week net income until July 31, 1985 before she would be licensed, and $77 per week thereafter. Appellant claims that respondent and her husband earn a substantial portion of their income based on commissions, which is not reflected in the affidavits, and that the trial court should not take a "snapshot" of the respective economic positions of the parties at the inception of their employment.

We agree with appellant that the trial court should not look solely at the economic positions of respondent and her husband at the inception of their new employment. Nevertheless, respondent here needed only to prove the existence of *one* of the statutory grounds under Minn.Stat. 518.64, subd. 2. Appellant's earnings increased by $5,000 per annum, from $11,000 at the time of dissolution to $16,000 at present. We find that such an increase is substantial. *See Neary v. Neary*, 366 N.W.2d 369, 371 (Minn.Ct.App.1985) ("a $5,000 increase over $11,280 is substantial and is sufficient for increasing child sup-

port"). The trial court determined that this substantial increase made the original judgment and decree unreasonable and unfair. We hold that based on these findings the trial court properly increased child support to $377 per month.

Appellant also argues that the trial court erred in applying the child support modification retroactively to September 14, 1984, the date of its original order for modification. We disagree. Because the trial court reached the same conclusion in its order dated September 9, 1985, it was within the trial court's discretion to relate back to September 14, 1984 the increase in support. *See Winter v. Winter,* 375 N.W.2d 76, 80 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Dec. 30, 1985).

2. Appellant's final argument is that the trial court abused its discretion by awarding attorney's fees of $350. Recognizing the broad discretion of the trial court, we find no abuse here.

### DECISION

The trial court properly awarded an increase in child support to relate back to September 14, 1984. The trial court did not abuse its discretion in awarding attorney's fees.

Affirmed.