**In re the Marriage of Kathleen HERRLEY (now Knaack), Appellant,**

**v.**

**Ronald J. HERRLEY, Respondent.**

**No. C4–89–1213.**

Court of Appeals of Minnesota.

March 20, 1990.

---

Ross E. Arneson, Blue Earth County Atty., Mark A. Lindahl, Asst. County Atty., Mankato, for appellant.

Ann B. Barker, Manahan, Bluth, Barker, Green & Friedrichs Law Office, Mankato, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

LANSING, Judge.

Blue Earth County appeals an order determining Ronald Herrley's ongoing reimbursement obligations under Minn.Stat. § 256.87 (1988). On appeal we hold that periodic impairment compensation was incorrectly excluded from the obligation calculation and that the amount of the obligation must be specifically stated rather than subject to automatic modification upon an increase in income.

## FACTS

Ronald and Kathleen Herrley's marriage was dissolved by judgment in 1981. The trial court placed custody of their three children with Kathleen Herrley and ordered Ronald Herrley to pay $30 in monthly child support. Kathleen Herrley assigned her child support rights to Blue Earth County in order to obtain public as-

sistance. After this assignment, the trial court ordered Ronald Herrley to pay ongoing reimbursement of public assistance to Blue Earth County "pursuant to statutory guidelines." The court did not make a contemporaneous calculation of the specific monthly amount to be paid.

In 1985 Ronald Herrley was injured in a traffic accident and began receiving workers' compensation. Without seeking the aid of the court, the county computed his reimbursement obligation, applying the statutory guidelines in Minn.Stat. § 518.551 to his workers' compensation allowances. It then "informally" garnished this compensation to satisfy his obligation.

In December, 1988, Ronald Herrley moved to reduce his reimbursement obligation as defined by the county and requested relief for excessive garnishment. Following a hearing, the court determined that the county's reimbursement computations were erroneous. Specifically, the court ruled that impairment compensation, a form of workers' compensation, should have been excluded from Ronald Herrley's income when applying the guidelines. Herrley's reimbursement obligation during the past three years was adjusted accordingly. The court then calculated Herrley's current ongoing reimbursement obligation and directed that should Herrley's income increase, his obligation will increase automatically according to the statutory guidelines. The court also granted Herrley $500 in attorney fees.

On appeal the county challenges the trial court's application of the guidelines and the award of attorney fees. Ronald Herrley has filed a notice of review contending that the amount of his current reimbursement obligation should be certain and not subject to automatic modification.

## ISSUES

1. Is impairment compensation includible as income in determining ongoing reimbursement for public assistance?

2. Is an obligor parent entitled to a specific and contemporaneous calculation of the reimbursement obligation?

## ANALYSIS

In an action for ongoing reimbursement of public assistance under Minn.Stat. § 256.87, subd. 1a, reimbursement obligations are calculated in the same manner as child support obligations. *See Nicollet County v. Larson*, 421 N.W.2d 717, 721 (Minn.1988). The trial court must first apply the statutory guidelines of Minn.Stat. § 518.551, and then consider whether a departure is warranted in light of the other factors enumerated under Minn.Stat. § 518.551, subd. 5(b). *Id.* In calculating Ronald Herrley's reimbursement obligation the trial court did not include the impairment compensation payments which Herrley had been receiving regularly since 1987. The court grounded this exclusion on its belief that impairment compensation does not constitute income for guidelines purposes.

◼ At the outset, it is important to note that there is nothing specific to impairment compensation which requires a trial court to exclude it from consideration in determining reimbursement obligations under Minn.Stat. § 256.87. Impairment compensation is unusually personal to the disabled individual because it covers the loss of bodily functions. *See* Minn.Stat. § 176.101, subd. 3b (1988). Nevertheless, the personal nature of this payment does not affect its consideration; the trial court is required to consider *all* earnings, income, and resources of the parents when assessing reimbursement obligations. Minn.Stat. § 518.551, subd. 5(b)(1).

◼ Whether impairment compensation is included in the guidelines computation turns on the definition of income for child support purposes. Minn.Stat. § 518.54, subd. 6 (1988), provides:

"Income" means any form of *periodic* payment to an individual including, but not limited to, wages, salaries, payments to an independent contractor, workers' compensation, unemployment compensation, annuity, military and naval retirement, pension and disability payments.

(Emphasis added.) Workers' compensation is included in the definition without differ-

entiation between disability or impairment income. The key word in the definition is "periodic." If the payment is periodic, it is income. If the payment is not periodic, it is not income.

 Impairment compensation may be paid periodically or in a lump sum, depending on the circumstances. Minn.Stat. § 176.101, subd. 3*o* (a) (1988). Minnesota law required that Herrley's impairment compensation be paid periodically until November 10, 1987, at which time it was to have been paid in a lump sum. The record indicates that notwithstanding Herrley's right to a lump sum payment, he continues to receive the compensation periodically. Because there is no reason to exclude the payments and because the payments are within the definition of income, we hold that Herrley's impairment compensation constitutes income for guidelines purposes so long as it is paid in periodic installments.[1]

This holding is consistent with the trial court's responsibility to take into account the standard of living the child would have enjoyed had the marriage not dissolved. Minn.Stat. § 518.551, subd. 5(b)(3) (1988). If the Herrley's marriage had not dissolved, his children likely would have benefited from his impairment compensation. *See Giesner v. Giesner*, 319 N.W.2d 718, 720 (Minn.1982); *Sommer v. Sommer*, 108 Wis.2d 586, 323 N.W.2d 144, 146 (Ct.App. 1982).

 Both in 1984 and in 1989, the trial court ordered ongoing reimbursement without contemporaneously calculating the specific amount of the obligation. We have previously disapproved of this practice. *See Keil v. Keil,* 390 N.W.2d 36, 38 (Minn. Ct.App.1986). As is evident from the current litigation, confusion results from the uncertainty of automatic orders. Herrley is entitled to a certain, unfluctuating determination of his current ongoing reimburse-

ment obligation. Should Herrley's income increase, the county's recourse is to move for modification.[2]

Because the impermissible automatic increase of obligation precipitated this hearing we find no abuse of discretion in the trial court's grant of attorney's fees to Ronald Herrley.

## DECISION

The trial court erred by excluding Ronald Herrley's impairment compensation from his child support reimbursement obligation. We remand for a recomputation of Herrley's reimbursement obligation from 1987 to the present. This obligation must be stated as a definite amount and not an automatic percentage increase.

Reversed and Remanded.

---

1. On remand, the inordinate expenses associated with Herrley's severe disability may be considered by the trial court in determining whether a departure from the guidelines is warranted. *See Nicollet County,* 421 N.W.2d at 721–722.

2. Our holding that the child support obligor is entitled to a definite determination of the amount of the obligation does not affect the authority of the court to order periodic cost-of-living adjustments as provided by statute. *See,* Minn.Stat. § 518.641 (1988).