JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur in the result achieved by that part of the majority opinion which remands this case to the District Court for consideration of Ed’s personal injury award in relation to his child support obligation. *63 However, I do not agree with all that is said in that part of the majority’s opinion.
Specifically, I disagree with the majority’s conclusion that because Ed’s award serves in part to replace the income he can no longer earn, his financial condition has somehow changed. If his personal injury award replaces prior income, then as far as the record discloses, it replaces the same income upon which his prior child support obligation was based, and nothing has changed.
I concur in the result achieved by the majority because under the facts presented in this case it is an equitable result and I can find no authority to the contrary. The majority result is consistent with treatment of personal injury awards by other jurisdictions. See Fabiano v. Fabiano (Conn. App. Ct. 1987), 523 A.2d 937; Sommer v. Sommer (Wis. Ct. App. 1982), 323 N.W.2d 144.
However, I agree with the rationale of the District Court when it concluded that Ed’s circumstances had not really changed as a result of his personal injury award, but that he had simply replaced certain assets (his eye sight and earning capacity) with other assets (money).
Furthermore, I am concerned that under different circumstances the precedent established by this case could prove to be inequitable to personal injury victims. Therefore, I believe it is difficult to establish any consistent rule about the relationship of personal injury settlements and child support obligations. I agree with the Wisconsin Corut of Appeals that each case must be evaluated separately and that:
“[W]hether a personal injury recovery does indeed improve a victim’s economic condition for child support purposes will not always be easy or obvious. There are times, of course, when the victim has suffered actual economic impairment as a result of the tort-feasor’s negligence, and the award is merely repaying the victim for the actual economic impairment. If so, the award may truly make the victim economically whole again and nothing more; no increase in economic circumstances results. These questions of fact must be carefully considered by the trial court in order to do justice to both the noncustodial parent and to the children.”
Sommer, 323 N.W.2d at 147.
I dissent from that part of the majority opinion which concludes that there need be a modification of the original decree before Social Security benefits can be credited toward a parent’s child support obligations. The Social Security benefits paid to Ed’s children in this case were a direct result of his disability and inability to work. They *64 are clearly a substitute for his loss of earning power and his obligation to support his children. There is no reason apparent to me why a disabled parent should be required to incur the additional expense of attorney fees to go through the formality of modifying a decree simply to reflect what in reality is already the situation.
I do not agree that § 40-4-208, MCA, requires the majority’s conclusion. That section only pertains to modification of child support payments. In the case of social security payments, the parent is simply substituting one source of payment for another.
Furthermore, the result achieved by the majority is particularly harsh where the Court concedes that after modification of the decree it would be appropriate to credit social security payments to child support obligations, but disallows a credit for those same payments for a nearly three year period of time prior to the motion to modify. I believe that the majority’s opinion exalts form over substance and creates an unnecessary hardship for this totally disabled parent.