**In re the Marriage of Kimberly Ann DUFFNEY, Petitioner, Appellant,**

v.

**Scott Anthony DUFFNEY, Respondent.**

**No. C7–00–1439.**

Court of Appeals of Minnesota.

May 8, 2001.

Patricia A. Aanes, Erickson and Pearson Law Offices, Brainerd, MN, (for appellant).

Jeffrey J. Haberkorn, Haberkorn & Solien, Ltd., Aitkin, MN, (for respondent).

Considered and decided by
PETERSON, Presiding Judge,
SHUMAKER, Judge, and FOLEY, Judge.

## OPINION

DANIEL F. FOLEY, Judge *

In this child support modification proceeding, appellant Kimberly Ann Duffney alleges the district court (1) misapplied the Hortis/Valento formula for calculating support in joint physical custody cases by miscalculating the amount of time each party had the children, and (2) understated respondent Scott Anthony Duffney's income.

## FACTS

Based on a marital termination agreement and evidence presented at a hearing, the district court dissolved the parties' marriage by judgment and decree dated December 10, 1998. The parties were awarded joint physical and legal custody of their three minor children. The district court found appellant's net monthly income, as defined in the child support guidelines, to be $922 and respondent's net monthly income to be $1,874. Respondent was ordered to pay appellant $300 per month in child support, $200 per month in day care expenses, and $64.87 per month for clothing and extra-curricular activities for a total of $564.87 per month. These awards were not consistent with strict application of the child support guidelines or the Hortis/Valento formula.

On behalf of appellant, Crow Wing County filed a motion January 31, 2000, to modify the child support based on appel-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

lant's increased income. At the hearing, appellant attempted to show that the children spend the majority (65%) of their time with her and that respondent should pay child support accordingly, based on the Hortis/Valento formula. Appellant tracked custody over a six-month period, which included a one-week vacation appellant took with the children. Respondent did not exercise his vacation time during the six-month period. The record shows some disagreement between the parties as to the custody tracking.

Respondent admitted he had income in 1999 from logging trees on his property. The proceeds, however, were a one-time occurrence and were used to pay off various loans and part of the marital settlement. Respondent also earns between $200–$300 a year from selling hay stumpage off the property, and pays $441 monthly child support for another child from a previous relationship.

The magistrate found that (1) the parties shared custody 60/40; (2) appellant's net monthly income is $1,687.93 with total expenses of $1,906.92, covering herself and the three children; and (3) respondent's net monthly income is $2,032.39 with expenses of $3,037 .28. Because of the 80% increase in appellant's income since the dissolution, and an anticipated decrease in child care costs, the magistrate lowered respondent's child support payment to $191, pursuant to the Hortis/Valento formula. Respondent was also ordered to pay $30 per month towards child care expenses and $64.87 towards the children's clothing and activities.

Both parties filed motions for review in the district court. Each party challenged the magistrate's determination of the other's net monthly income. The district court denied appellant's request for an amended order and remanded the case to the magistrate for identification and reso-

lution of possible mathematical and typographical errors. The magistrate found no errors.

## ISSUES

1. Did the magistrate clearly err in determining that the children resided with appellant 60% of the time and respondent 40% of the time?

2. Did the magistrate clearly err in determining respondent's income?

## ANALYSIS

Whether to modify child support is a decision afforded discretion and a reviewing court will reverse an exercise of that discretion only when the resolution of the question "is against logic and the facts on the record." *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn. 1984)). When an award of child support has a "reasonable and acceptable basis" in the facts on record, this court must affirm. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.App.1984) (citation omitted). The findings of fact underlying this discretionary decision regarding whether to modify child support will not be set aside on appeal unless they are clearly erroneous. Minn.R.Civ.P. 52 .01; *see Vangsness v. Vangsness,* 607 N.W.2d 468, 472, 474 (Minn.App.2000) (discussing proper method for challenging findings of fact).

### I. Custody Determination

Appellant argues that the magistrate's finding that she has the children 60% of the time, rather than 65.49%, is not supported by the facts. Under the Hortis/Valento formula, appellant claims that she is therefore not receiving the correct amount of child support from respondent.

Appellant recorded custody from April through September 1999, showing that she

had the children a total of 120.5 days and respondent had the children 63.5 days. Respondent did not fully agree with appellant's records and stated in his affidavit that he spent eight more days with the children and appellant spent nine fewer days with the children than appellant's records reflect. In addition, during this period appellant spent seven extra days with the children by using her vacation days. Respondent did not use any vacation days during that time. The original order required 60/40 shared custody. Respondent testified at the hearing that the only arrangements that changed on a permanent basis were the children being with him beginning Tuesday after school until Wednesday morning rather than beginning Wednesday after school until Thursday morning. Otherwise, the custody schedule remained virtually the same.

After deferring to the magistrate's ability to judge credibility, and upon viewing all the evidence and testimony in the light most favorable to the magistrate's finding, appellant has not shown the 60/40 custody split to be clearly erroneous. The magistrate used that finding of 60/40 custody split to determine the parties' child support obligations under the Hortis/Valento formula[1] and there is no dispute that the district court's arithmetic in applying the formula is correct. Thus, because the finding was not clearly erroneous, we conclude the magistrate did not abuse his discretion in computing the child support obligation.

## II. Respondent's Income

Appellant argues that the magistrate erred by not including respondent's income from hay stumpage and from the one-time sale of timber from his property. She asserts that because respondent earned and continues to earn monies from property that was once marital, the children would have benefited from the income had the parties remained married. Therefore, she maintains that the children should benefit now by including the logging and hay stumpage profits as part of respondent's income. Appellant claims, based on case law, that the magistrate should have considered income derived from assets received as part of property settlements when determining the obligor's income for the purposes of child support. *See Maxson v. Derence,* 384 N.W.2d 583, 585 (Minn.App.1986) (district court "should consider payments resulting from the stipulated property division to calculate a party's 'income' for purposes of the child support guidelines") (citation omitted); *see also Tell v. Tell,* 383 N.W.2d 678, 686 (Minn.1986) (financial resources includes "distribution of marital property to a spouse pursuant to a dissolution decree"). Appellant asserts that a portion of respondent's income, derived from the one-time sale of logs from the property he received in the settlement, which he then used to pay appellant her portion of the marital settlement, should be considered income

---

1. The supreme court recently ruled that the application of the Hortis/Valento child-support formula in sole physical custody cases is a deviation from the child support guidelines and cannot occur without the findings required by Minn.Stat. § 518.551, subds. 5(c), 5(i) (1998). *Rogers v. Rogers,* 622 N.W.2d 813, 814 (Minn.2001). Additionally, in footnote 19, the court stated that the propriety of applying the Hortis/Valento formula to joint physical custody cases was not before the court and declined to address whether use of the Hortis/Valento formula was proper in that context. *Id.* at 821. Here, the parties and the magistrate assumed (without arguing) that use of the Hortis/Valento formula was proper in this joint physical custody case. We decline to comment on the propriety of that assumption. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (appellate courts generally address only issues presented to and decided by the district court).

for purposes of determining respondent's child support obligation.

■■■ This court will affirm a determination of net income for purposes of calculating child support "if it has a reasonable basis in fact." *Strauch v. Strauch*, 401 N.W.2d 444, 448 (Minn.App.1987) (citation omitted). Income is "any form of periodic payment to an individual." Minn.Stat. § 518.54, subd. 6 (2000). The examples of periodic payments set out in the definition are similar to each other in that they are regular payments to an individual in somewhat fixed intervals (i.e., wages, workers' compensation, unemployment benefits, annuity, retirement benefits, etc.). *Id.* None of these types of payments are one-time occurrences. This court has stated that a key aspect of "income" is its "periodic" nature. Generally, if a payment is periodic, it is income. *Herrley v. Herrley*, 452 N.W.2d 711, 714 (Minn.App.1990). In addition to the child support guidelines, the court must also consider "all earnings, income, and resources of the parents, including real and personal property." Minn. Stat. § 518.551, subd. 5(c) (2000). "The exact parameters of what may or may not be used to satisfy or set a support obligation have not been fully determined." *Darcy v. Darcy*, 455 N.W.2d 518, 521 (Minn.App.1990).

■■ Appellant's reliance on *Maxson* and *Tell* is misplaced. Both cases are distinguishable from this case in that they both relate to monthly payments received from various sources as opposed to a one-time payment. In *Tell*, the court included monthly property settlement payments as a portion of a party's income in determining support obligations. *Tell*, 383 N.W.2d at 686. In *Maxson*, the income at issue was a monthly contract-for-deed payment. *Maxson*, 384 N.W.2d at 585. In this case, however, respondent does not receive a monthly income from logging his property.

What he earned from logging was used to pay appellant the balance of her share of the settlement and to pay off other loans. Further, under appellant's argument that money from a property settlement should be used in determining income, appellant would then have to include as part of her income the $10,000 respondent paid her from the logging for her share of the dissolution settlement.

Appellant's argument that the income from hay stumpage should be included may be valid. Monthly income of $20 $25 from the stumpage, however, is de minimis and does not warrant a remand. *See Wibbens v. Wibbens*, 379 N.W.2d 225, 227 (Minn.App.1985) (refusing to remand for de minimis technical error); *see also* Minn. R.Civ.P. 61 (harmless error to be ignored).

The magistrate did not err in excluding the monies from the logging and hay stumpage as part of respondent's income for purposes of determining a change in circumstances warranting a modification of child support.

## DECISION

The record adequately supports the magistrate's determination regarding the amount of time the parties spend with their children, as well as the exclusion from respondent's income of a one-time receipt of funds and other amounts that would have an insignificant impact on respondent's child support obligation. Therefore, there was no abuse of discretion in the magistrate's application of the Hortis/Valento formula.

**Affirmed.**