*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1595**

In re the Marriage of:

William David Wilder, petitioner,
Appellant,

vs.

Michelle R. Wilder,
Respondent.

**Filed August 29, 2016
Affirmed
Reilly, Judge**

Carver County District Court
File No. 10-FA-13-380

William D. Wilder, Excelsior, Minnesota (pro se appellant)

Dennis B. Johnson, Elizabeth C. Henry, Gary K. Luloff, Chestnut Cambronne PA, Minneapolis, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Reilly, Judge; and Klaphake, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**REILLY**, Judge

In this appeal from the denial of his motion to reduce his child support and spousal maintenance obligations, appellant argues that the district court improperly (1) attributed income to him after he lost his job; (2) treated certain assets as income rather than as property; (3) overestimated the value of the disputed assets available to appellant; and (4) miscalculated appellant's child support obligation. We affirm.

## FACTS

Appellant-husband William David Wilder and respondent-wife Michelle R. Wilder were married in April 1995. The district court dissolved the parties' marriage in May 2014, pursuant to a stipulated judgment and decree. The parties have two children together, M.W. and Z.W., who were respectively 17 and 12 years old at the time of dissolution. The parties agreed to joint legal and joint physical custody of their children. Appellant earned a gross monthly income of $20,652 at the time of dissolution. Respondent was not employed. For the purposes of calculating child support, the parties' combined gross monthly income was $20,652, with appellant's share of that amount calculated at 71% and respondent's share of the amount calculated at 29%. The stipulated judgment and decree incorporated a parenting time expense adjustment of 10-45%, with appellant's basic child support obligation set at $1,704 per month and continuing until the age of majority. The district court also awarded respondent $6,000 in permanent monthly spousal maintenance from February 1, 2014, until Z.W. graduates from high school, and $4,000 per month following Z.W.'s high school graduation.

In addition, the judgment and decree stipulated that appellant was entitled to receive a retention bonus associated with the sale of appellant's employer, as well as potential future payments from an incentive compensation agreement (the incentive bonuses). The judgment and decree provided that the parties would "equally share, with each receiving 50% of the net proceeds" of the initial incentive payment, and respondent would be entitled to receive 15% of the gross amount of any prospective incentive bonuses.

In August 2014, appellant was laid off from his job and received six months' severance pay through February 15, 2015. A month later, M.W. began living with appellant on a full-time basis. Appellant sought a modification of his child support and spousal maintenance obligations. The district court denied appellant's request to modify the permanent spousal maintenance obligation, finding that appellant earned $552,842.39 in 2014. The district court reasoned that this amount "is over twice the amount the parties stipulated [appellant] earned in gross income" in the judgment and decree.[1] Based upon these findings, the district court determined that appellant "has sufficient means to continue to make his spousal maintenance obligation through at least the August 2015 payment." The district court partially granted appellant's request to modify child support for M.W. but did not alter appellant's ongoing child support obligation for Z.W.

---

[1]The parties stipulated that appellant earned $247,824 in wages for the year, or $20,652 per month. Appellant received severance pay of $287,499.96 between August 2014 and February 2015. The district court found that appellant's severance pay of $287,499.96, amortized over 12 months, equaled $23,958 per month for the period of August 2014 to August 2015.

3

Appellant moved for an amended order to temporarily suspend his spousal maintenance payments and reduce his child support obligation to zero until he found new employment. The district court denied the motion, stating that it "made extensive findings and conclusions [in its prior order] based upon the evidence provided," and appellant "has presented no new evidence or law" and was instead "simply re-hashing old arguments that the Court has already considered and will not re-consider." The district court declined to modify appellant's spousal maintenance obligation because "although there was a substantial change in circumstances in that [appellant] lost his job, that change in circumstances did [not] make [appellant's] spousal maintenance (and child support obligation) unreasonable and unfair." This appeal follows.

## D E C I S I O N

### I.

Appellant argues the district court abused its discretion by partially denying his request to modify spousal maintenance and child support obligations. An appellate court reviews a district court's decision regarding whether to modify an existing spousal maintenance obligation for an abuse of discretion. *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009) *and appeal dismissed* (Minn. Feb. 1, 2010). A district court's decision regarding whether to modify child support obligations is also reviewed for an abuse of discretion. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn. 1986). A district court abuses its discretion if the decision is based on an erroneous application of the law, is based on findings of fact that are unsupported by the record, or results in a resolution that is contrary to logic and the facts

4

on record. *See Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997). We view the evidence in the light most favorable to the district court's findings. *Vangsness v. Vangsness*, 607 N.W.2d 468, 474 (Minn. App. 2000).

Appellant claims the district court misapplied Minn. Stat. § 518A.39, subd. 2(a) (2014), which provides that spousal maintenance and child support obligations may be modified "upon a showing of one or more of the following, any of which makes the terms unreasonable and unfair: (1) substantially increased or decreased gross income of an obligor or obligee; [or] (2) substantially increased or decreased need of an obligor or obligee." On a motion to modify maintenance, the district court applies the factors articulated under section 518.552 that exist at the time of the motion. *Id.*, subd. 2(d) (2014). One of the factors identified in section 518.552 is "the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking maintenance." Minn. Stat. § 518.552, subd. 2(g) (2014). Appellant argues that because he was laid off and his monthly income was reduced to zero, the district court erred by determining that there was not a decrease in his income from February 2015 to August 2015. Appellant therefore contends that the district court abused its discretion by not properly considering the section 518.552 factors "at the time of the motion," as required by section 518A.39, subdivision 2(d).

The district court determined that "although there was a substantial change in circumstances in that [appellant] lost his job, that change in circumstances did [not] make [his] spousal maintenance (and child support obligation) unreasonable and unfair." The record establishes that appellant earned $247,824 for the year. Appellant received six

months' of severance pay between August 2014 and February 2015 in the amount of $287,499.96. In total, appellant earned $552,842.39 in taxable wages from all sources in 2014. Based upon these findings, the district court determined that appellant had "sufficient means to continue to make his spousal maintenance obligation." Sufficient facts in the record support these findings.

Appellant, as the party seeking to modify the award, bears the burden of demonstrating both a substantial change in circumstances and that the change renders the current maintenance amount both unreasonable and unfair. *See Beck v. Kaplan*, 566 N.W.2d 723, 726 (Minn. 1997). Because the record supports the district court's factual findings, and because those findings support the district court's determination that appellant's maintenance and support obligations are not currently unreasonable and unfair, appellant has not shown a prerequisite for modification of his obligations; the district court did not abuse its discretion in denying appellant's motion to modify.

## II.

Regarding spousal maintenance, appellant argues the district court improperly characterized his incentive bonuses as income and thereby altered the property distribution in the judgment and decree. *See Lee v. Lee*, 775 N.W.2d 631, 635 n.5 (Minn. 2009) (discussing the difference between property and income in the maintenance context). We disagree. Appellant's argument does not distinguish between incentive bonuses which were received before judgment was entered, and incentive bonuses he was scheduled to receive thereafter. While the judgment did not treat the already-received incentive bonuses as property, our review of the district court's order demonstrates that, to the extent the order

6

included appellant's incentive bonuses as income, it included only the incentive bonuses he had yet to receive. Therefore, we reject (a) appellant's argument that the order denying his motion to modify maintenance improperly included in his income for maintenance purposes incentive bonuses previously awarded as property in the judgment; and (b) his associated conclusion that doing so improperly altered the parties' property division.

"Maintenance" is "an award made in a dissolution or legal separation proceeding of payments from the future income or earnings of one spouse for the support and maintenance of the other." Minn. Stat. § 518.003, subd. 3a (2014). Income, for purposes of maintenance, is "any form of periodic payment to an individual[.]" Minn. Stat. § 518A.29(a) (2014); *Lee*, 775 N.W.2d at 635 n.5. Gross income includes any form of periodic payment to an individual, including dependable bonuses. *See Duffney v. Duffney*, 625 N.W.2d 839, 843 (Minn. App. 2001) ("Generally, if a payment is periodic, it is income."); *McCulloch v. McCulloch*, 435 N.W.2d 564, 566 (Minn. App. 1989) (noting that dependable sources of income may properly be included in an income calculation).

Here, appellant became conditionally entitled to incentive and retention bonuses. Not only did appellant in fact receive those amounts, they were not previously divided as property in the dissolution judgment. Moreover, those payments, when aggregated with his other income, exceeded his stipulated income in the judgment and decree. Therefore, we discern no error in the district court's inclusion of appellant's incentive bonuses as income for purposes of maintenance in its denial of appellant's modification request.[2]

---

[2] The district court specifically stated that appellant could bring a new motion for relief from his spousal maintenance obligation beginning in September 2015.

7

## III.

Appellant argues the district court abused its discretion by assuming that his incentive bonuses and severance pay had "the same or similar purchasing power suitable for meeting [the] requirements for spousal maintenance and child support." Appellant claims the district court did not take into account expenses he incurred related to refinancing his home, paying off his car, settling his legal debts, and purchasing household goods. On appeal, we defer to the district court's credibility determinations and will set aside findings of fact only if they are clearly erroneous. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988).

Appellant's argument is not persuasive. The district court did not find credible appellant's assertion that he was in financial distress. On appeal from a district court's spousal maintenance decision, we view the evidence in the light most favorable to the district court's findings and defer to its credibility determinations. *Cf. Vangsness*, 607 N.W.2d at 474 (reviewing child custody decision). Moreover, the fact that "the record might support findings other than those made by the [district] court does not show that the court's findings are defective." *Id*. In this case, the district court doubted appellant's credibility regarding his income. The district court found that appellant "earned more than enough money . . . to make his support payments," that his support obligations were "decidedly reasonable and fair," and that "[n]othing has changed in that regard." The record supports the district court's findings. Moreover, the district court declined to consider respondent's ability to support herself on her own savings because "the parties stipulated to a specific amount of support in their Judgment and Decree," and the court

8

concluded that "[i]f [appellant] does not have any money remaining after receiving substantial sums in 2014, [r]espondent and the children should not be the ones to suffer."

Appellant, as the party seeking modification of the child support and maintenance obligations, bears the burden of proving circumstances justifying modification. *Cf. Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) (reviewing child custody decision). Appellant has not satisfied that burden here. On the record before this court, we determine the district court did not abuse its discretion by declining to modify appellant's maintenance obligation.

## IV.

Appellant argues the district court abused its discretion by miscalculating his child support obligation. "[T]he district court enjoys broad discretion in ordering modifications to child support orders." *Putz v. Putz*, 645 N.W.2d 343, 347 (Minn. 2002). An appellate court "will reverse a district court's order regarding child support only if [it is] convinced that the district court abused its broad discretion by reaching a clearly erroneous conclusion that is against logic and the facts on record." *Id*. Here, the district court found that the parties' judgment and decree called for a "week on, week off parenting schedule" for the two children. Because the parties "stipulated to utilizing a 10-45% parenting time expense adjustment in determining [appellant's] child support obligation despite their parenting time provisions," the court declined to alter their stipulated agreement. The district court found upon reconsideration that there was "no new evidence" relating to the child support calculations made in its earlier order. The district court concluded that the terms of the judgment and decree were not "unreasonable and unfair" despite appellant's change in

9

circumstances and, therefore, the terms of the parties' stipulated agreement should be enforced as agreed. However, the district court did take into account the changed circumstance of M.W. living with appellant, and did modify his child support obligation regarding M.W. The district court's decision to otherwise enforce the parties' agreement is not "against logic and the facts on record," *id.*, and does not constitute an abuse of discretion.

**Affirmed.**